# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3772 | **DATE** | 1/28/2002 |
| **CASE TITLE** | Jacob L. McGovern vs. Officer J. Pacetti, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants' motion to dismiss (Doc. No. 13-1) is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 29 2002 date docketed | 24 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | 15 docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 1/28/2002 date mailed notice | |
| ETV | courtroom deputy's initials | 02 JAN 29 AM 8:12 Date/time received in central Clerk's Office | ETV mailing deputy initials | |

JACOB L. MCGOVERN,    )
                     )
PLAINTIFF,           )
                     )
v.                   )    No. 01 C 3772
                     )
                     )    Judge
OFFICER J. PACETTI, STAR #618, AND  )    Rebecca R. Pallmeyer
THE COOK COUNTY SHERRIFF           )
                     )
DEFENDANTS.          )

## MEMORANDUM OPINION AND ORDER

Plaintiff Jacob McGovern brings this § 1983 action against Cook County Sheriff's Officer J. Pacetti in his individual capacity. Plaintiff alleges that Pacetti violated the Fourth and Fourteenth Amendments by allowing a police dog to bite Plaintiff during the course of his arrest. Plaintiff also brings Illinois common law assault and battery claims against Pacetti and the Cook County Sheriff's Department. Defendants now move to dismiss, claiming that Plaintiff fails to sufficiently plead an excessive force violation under § 1983, and that Plaintiff fails to plead state law claims for assault and battery. For the reasons set forth below, Defendants' motion to dismiss is denied.

## FACTUAL BACKGROUND

On June 3, 2000, around 2:00 a.m., Plaintiff was travelling northbound on Central Avenue at or near 102nd Street in Oak Lawn. (Complaint ¶ 11.) At that time, Oak Lawn Police Officer M. Acke in his marked police vehicle began to follow Plaintiff's automobile. (Id. ¶ 12.) Officer Acke stopped Plaintiff's vehicle near 99th Street and

Washington Avenue. (*Id.* ¶ 13.) Plaintiff exited his vehicle and fled the scene on foot. (*Id.* ¶ 14.) Officer Acke chased the Plaintiff and some time later lost sight of him. (*Id.* ¶ 15.) Thereafter, Oak Lawn Police Sergeant T. Scott summoned Defendant Pacetti to use his canine to locate the Plaintiff. (*Id.* ¶ 16.) Defendant Pacetti released the unmuzzled canine to search for the Plaintiff near 9928 South Maple Avenue. (*Id.* ¶ 23.) When the dog approached the Plaintiff and began to bite him, Defendant Pacetti took no steps to call the animal off the Plaintiff. (*Id.* ¶¶ 24, 25.) Plaintiff was then transported to Christ Community Hospital where he was treated for multiple dog bites.[1] (*Id.* ¶ 27.) Plaintiff was later charged with resisting arrest, attempted obstruction of justice, possession of drug paraphernalia, driving with a suspended driver's license, and battery of a police dog. (*Id.* ¶ 30.) Plaintiff filed the complaint initiating this action on May 22, 2001.

## DISCUSSION

### A. Standard for a Motion to Dismiss

A motion to dismiss a complaint pursuant to FED.R.CIV.P. 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead tests whether the claimant has properly stated a claim. *See Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). In deciding a motion to dismiss, the court will consider all well-pleaded allegations of the complaint as true, and will draw all reasonable inferences in favor of the plaintiff. *Zinermon v. Burch*,

---

[1] The complaint does not indicate the extent of Plaintiff's injuries.

2

494 U.S. 113, 118 (1990); *Tobin for Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 521 (7th Cir. 2001). Dismissal is proper only if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001).

## B.     Excessive Force Claim

Use of excessive force during an arrest constitutes a Fourth Amendment violation actionable under 42 U.S.C. § 1983. *See Graham v. Connor*, 490 U.S. 386, 395-96 (1989). Whether a use of force violated the Fourth Amendment requires an inquiry into whether an officer's actions were objectively reasonable in light of the totality of the circumstances confronting him. *See Estate of Phillips v. City of Milwaukee*, 123 F.3d 586, 592 (7th Cir. 1997). The Supreme Court has held that the Fourth Amendment test of reasonableness governing claims of excessive force "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.

Officer Pacetti argues that Plaintiff's Fourth Amendment claim should be dismissed because Pacetti was carrying out the lawful arrest of a criminal suspect in a manner that did not pose a substantial risk of death or serious injury to the Plaintiff. A police officer's right or ability to effectuate an arrest "necessarily carries with it the

3

right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396.

The Seventh Circuit has not addressed this issue in any published decisions,[2] but the Sixth Circuit has recognized that a law enforcement officer's use of a properly trained police dog does not carry with it a substantial risk of causing death or serious bodily harm. Under this line of authority, Defendant Pacetti argues that use of a canine does not constitute a constitutional violation. In *Matthews v. Jones*, 35 F.3d 1046 (6th Cir. 1994), for example, the court affirmed summary judgment in favor of the defendant officers, who had used a canine during early morning hours in a wooded area to apprehend a fleeing suspect. In *Matthews*, the court held that the officers were reasonable in using the dog because the suspect posed a threat to the officers. *Matthews*, 35 F.3d at 1051. The plaintiff in that case was speeding and driving recklessly, and also had been drinking. *Id.* at 1048. The *Matthews* court noted that the officers on the scene "did not know the extent of crimes that Matthews might have committed nor did they know whether he was armed." *Id.* at 1051. The court noted further that the area into which the suspect fled in the darkness might allow him to easily ambush the officers; moreover, the suspect's "extreme behavior provided cause

---

[2] In *Bey v. Cimarossa*, 202 F.3d 272 (Table, text in WESTLAW), 2000 WL 12830 (7th Cir. 2000), our Court of Appeals reversed the grant of summary judgment on an excessive force claim where an officer released a canine without warning. The *Bey* court cited a Sixth Circuit decision for the proposition that " 'failure to give a warning before releasing a police dog is objectively unreasonable in an excessive force context.' " 2000 WL 12830 at *2, quoting from *Vathekan v. Prince Georges County*, 154 F.3d 173, 179 (6th Cir.1998).

4

for the officers to believe that he was involved in activity considerably more nefarious than mere traffic violations." *Id.* at 1051.

Defendants also cite to *Robinette v. Barnes*, 854 F.2d 909 (6th Cir. 1988) in support of their contention that use of a canine does not constitute excessive force. In *Robinette*, police officers unleashed a police dog to search for a burglary suspect hiding inside a darkened building. *Id.* at 910. Soon after the police dog bit the him on the neck, the suspect died. *Id.* In an action brought by the decedent's estate, the court affirmed summary judgment for the defendants, holding that "the use of a properly trained police dog to apprehend a felony suspect does not carry with it a 'substantial risk of causing death or serious bodily harm.'" *Id.* at 912.

In the case at hand, however, it is not clear whether the Plaintiff posed a threat to Defendant Pacetti and his fellow officers. As the preceding summary of facts may begin to suggest, Plaintiff's Complaint is somewhat short on details. There is no mention of whether Plaintiff threatened any officer with a weapon, or was suspected of committing a felony. Nor is it clear that Officer Pacetti had probable cause to believe that Plaintiff had committed a crime involving the infliction of serious physical harm. There is no mention of whether Plaintiff was given an opportunity to surrender to police prior to the release of the police dog, or whether Plaintiff was given a warning before Pacetti sent the canine out. Moreover, it is unclear how much force the police dog exerted, and how badly Plaintiff was injured. Thus, it is difficult for the court to determine whether Officer Pacetti acted in an objectively reasonable manner in using

5

a canine to apprehend the Plaintiff. Without more information, the court is unable to assess whether or not the Defendants did use excessive force in apprehending the Plaintiff.

It is settled law in the Seventh Circuit, however, that a plaintiff need not allege all of the facts supporting his claim. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Bound as it is to draw all reasonable inferences in favor of the party opposing the motion to dismiss, this court is unable to conclude that Plaintiff has failed to state a cognizable claim.

### C. State Law Assault and Battery Claims

Defendants also argue that Plaintiff fails to state a claim for state law assault and battery. Under the Illinois Tort Immunity Act, 745 ILCS 10/2-202, "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." Conduct is willful and wanton when it "shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1-210; *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001). The pursuit of a fleeing suspect constitutes execution or enforcement of law. *Urban v. Village of Lincolnshire*, 272 Ill.App.3d 1087, 1095-96, 651 N.E.2d 683, 690 (1st Dist. 1995). Thus Officer Pacetti's conduct must be judged against the Illinois Tort Immunity Act "willful and wanton" standard.

Defendants argue that the Complaint must be dismissed because Plaintiff fails to allege willful and wanton conduct. (Defendants Village of Oak Lawn's, Officer

6

Acke's and Sergeant Scott's Rule 12(b)(6) Motion to Dismiss, ¶ 17). They contend that as a matter of law Officer Pacetti's use of the canine to locate the Plaintiff was reasonable and justified.

As discussed above with respect to Plaintiff's Fourth Amendment claim, however, there are not enough facts at this stage of pleading to enable the court to determine whether the conduct of Defendants was reasonable. There is no evidence how much force the police dog used to effectuate the arrest. Nor is it clear whether there existed justification for the officers to utilize the police dog, or whether the use of force was reasonable.

## CONCLUSION

For the reasons explained above, Defendants' motion to dismiss (No. 13-1) is denied.

ENTER:

Dated: January 28, 2002

REBECCA R. PALLMEYER
United States District Judge